**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

EBONE PORCH,                                  )
                                              )
            Plaintiff,                        )        Case No. 21-cv-3848
                                              )
      v.                                      )        Hon. Steven C. Seeger
                                              )
UNIVERSITY OF ILLINOIS AT                     )
CHICAGO, SCHOOL OF MEDICINE,                  )
                                              )
            Defendant.                        )
_____)

### <u>MEMORANDUM OPINION AND ORDER</u>

Most of us say things in our heads that we wouldn't say out loud. And most of us say things out loud that we wouldn't say in a court filing. But not everyone is blessed with the same filter, or with the same willingness to use the brake pedal.

On that note, this Court took a look at Plaintiff Ebone Porch's motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See* Mtn. (Dckt. No. 33). The filing threw more punches than it pulled, and some were below the belt.

On December 20, 2022, this Court dismissed the amended complaint, concluding that it did not plug the sizeable holes that Judge Dow had spotted in this reassigned case. *See* 12/20/22 Order (Dckt. No. 29). Plaintiff's counsel, Calvita Frederick, took issue with that conclusion, and then some.

The opening salvo was ominous, and portended trouble to come: "Before Plaintiff's Counsel is accused of disrespectful conduct towards the Court, Plaintiff and the undersigned would like to stress that neither this Plaintiff nor her counsel have any animosity towards this Court." *See* Mtn., at 4 (Dckt. No. 33).

That disclaimer didn't age well. Before the paragraph was over, Plaintiff's counsel got up close and personal, saying that the Court "was mistaken and/or deliberately chose to disregard the evidence in the record." *Id.* at 7.

Counsel, it turns out, was just warming up. Counsel acknowledged that "Honorable Judge Dow's confusion was understandable," because the complaint had its faults. *Id.* at 11. But this Court, in her view, should have spotted how the amended complaint fixed the problems.

The reason for the flawed ruling, she believes, was because this Court is better at signing than at reading and writing. She began to ponder whether this Court added anything to the mix, other than a signature. She mused about "whoever wrote" the opinion, and she speculated that "Your Honor . . . being as busy as he is, may have simply signed the Order." *Id.* at 12.

She then offered a public service announcement that this Court's clerk made errors right and left. "Therefore, to the extent that this very busy Court might have relied on a clerk to write the Order or used a Proposed Order written by counsel for the Defendant as a basis for its ruling, Plaintiff, by means of this Motion, notifies the Court that the Order is saturated with manifest errors of facts and law and will may well [sic] be reversed on appeal." *Id.*

The rest of the motion is littered – and yes, this Court itself selected that verb – with other unnecessary potshots and hyperbole. *See, e.g.*, *id.* at 18 ("Very respectfully, the implications of this comment are chilling. The very comment alone underscores the magnitude of the Court's mistake as well as the grave disservice this Court has done to Plaintiff.") (emphasis in original); *id.* at 21–22 ("Very respectfully, it is already extremely serious that this Court did not recognize the legally valid reason for including individual defendants in the Amended Complaint but – beyond that – the fact that this Court did not even recognize the need for IT to do adequate research on the topic before issuing a ruling – and – the even more astonishing fact that the Court

2

launched into an underserved [sic] attack against Plaintiff for simply following the law in the matters at hand, is disconcerting to say the least.") (emphasis in original).

It kept getting better (or worse, depending on your perspective). "Any litigant, including Plaintiff, is entitled to a presiding officer who knows the law that governs the proceeding before the Court. It goes without saying that the problem of a Court that lacks working knowledge of the law that governs the cases the Court presides over is even more acute when that Court denies with prejudice a Plaintiff's Motion for Leave to File an Amended Complaint while at the same time the Order denying the Leave shows a disconcerting lack of familiarity with the governing law as well as disregard for the Court's need to educate itself in the law before launching in [sic] baseless attacks against a litigant." *Id.* at 22.

Searching for over-the-top sentences in the motion is like shooting fish in a barrel. "If this Court had just even taken the time to carefully read Judge Dow's Order, or the Amended Complaint and the footnotes, for that matter, the reason for the inclusion of the individual defendants would have become apparent." *Id.*

And: "But apparently for whatever reason, the Court did not. Instead, the record shows that this Court summarily skimmed through the filings of the case to cherry pick – in the shortest time possible – whatever would have been useful to put together an Order against Plaintiff with a minimum appearance of legality." *Id.*

And: "With all due and maximum respect" – a point that counsel underlined, lest it be lost – "irrespective of whether this Court or someone else on behalf of this busy Court wrote the Order – this is unacceptable, and unfair, and this is the main reason why an honest Court of Appeal [sic] should not have a second of hesitation in reversing this Court's ruling." *Id.* at 23 (emphasis in original).

3

The Court could go on. Counsel did. After 28 pages, counsel finally ran out of gas.

The Court offers the following modest suggestion. The Court invites counsel to reread the draft, with the benefit of the passage of time, and maybe a good night's sleep. And more specifically, this Court invites counsel to have a moment of quiet reflection, and revisit the tone of the filing. Counsel should ponder whether she would say it differently, on a second go-around. If so, counsel has leave to file an amended motion by one week from the date of this Order.

This Court, it seems, is not alone in getting everything wrong for all the wrong reasons. Apparently, the attorney in question is an equal opportunity accuser when it comes to judges in this District. *See Outley v. City of Chicago*, 2022 WL 18027557, at *20 (N.D. Ill. 2022) (Feinerman, J.) ("Making matters worse, Attorney Frederick has demonstrated a penchant of baselessly accusing judges in this District of bias when things do not go her way.") (offering a string cite); *see also id.* at *1 ("[T]he fault [for the mistrial] belongs entirely to Plaintiff's counsel, Calvita Frederick, who turned in the poorest performance by an attorney that the undersigned has seen during his 12-plus years on the bench.").

The point is not so much that this Court is offended. People don't tend to get on the federal bench without tough skin. And, when they get here, the process and the grind toughen the hide. Still, civility standards (such as they are) exist for a reason. If they aren't worth defending, then they aren't worth having.

In the meantime, a few words come to mind when this Court thinks about the filing. But this Court will keep all of those words to itself.

Date:    March 9, 2023

_____
Steven C. Seeger
United States District Judge