UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EBONE PORCH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-3848 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| UNIVERSITY OF ILLINOIS AT CHICAGO, SCHOOL OF MEDICINE, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Calvita Frederick, counsel for Plaintiff Ebone Porch, filed a motion to alter or amend the judgment, and the filing was more than a little tart. Along the way, counsel accused this Court of signing whatever is put in front of it. "[A] careful analysis of this Court's Order reveals that whoever wrote it, possibly not Your Honor who, being busy as he is, may have simply signed the Order," made a bunch of errors. *See* Mtn., at 14 (Dckt. No. 33).

Frederick went out of her way to tell this Court about the mischief that is happening above its signature. Counsel alerted this Court that its decision "will may well [sic] be reversed on appeal," and she sounded a clarion call "to the extent that this very busy Court might have relied on a clerk to write the Order or used a Proposed Order written by counsel for the Defendant as a basis for its ruling." *Id.*

The flavor of the filing left this Court with a sour taste in its mouth. So, this Court extended counsel an invitation to simmer down, take a deep breath, and submit a filing with a tone that is more fitting for federal court. *See* 3/9/23 Mem. Opin. and Order (Dckt. No. 34).

Counsel responded by asking for more time, and she offered an explanation for the acidity of her original filing. The motion to alter or amend the judgment, we are told, was not written by Calvita Frederick at all. "Counsel elicited the help of outside counsel to assist with the preparation of certain pleadings. Obviously, counsel did not read the motion closely enough before filing." *See* Mtn. for Additional Time, at 1 (Dckt. No. 35). But she conceded that "the pleading is over the signature of Calvita J. Frederick," so she is "solely responsible for its content." *Id.*

So, counsel engaged in ghost-writing when she accused this Court of . . . wait for it . . . ghost-writing.

There is joy in irony.

The Court grants the motion for more time. *See* Mtn. (Dckt. No. 35). Counsel later filed a proposed draft of a revised version of the motion to alter or amend the judgment. She attached the draft as an exhibit to two later-filed motions. *See* Mtn. for Leave to File Plaintiff's Amended Mtn. to Alter or Amend the Judgment (Dckt. No. 36); Mtn. for Leave to File Plaintiff's Corrected Amended Mtn. to Alter or Amend the Judgment (Dckt. No. 38). The Court grants Plaintiff leave to file, as a freestanding docket entry, an amended motion to alter or amend the judgment by June 30, 2023.

Separately, by June 30, 2023, counsel must file a statement that identifies the would-be ghost. It has the distinct feel of a Scooby-Doo-level whodunit mystery in the making.

Date: June 27, 2023

Steven C. Seeger
United States District Judge

2