**UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

EBONE PORCH,                                      )
                                                  )
               Plaintiff,          )
                                                  )
                                                  )  Case No. 21 CV 3848
               v.                  )
                                                  )  Judge Steven C. Seeger
UNIVERSITY OF ILLINOIS at                         )
CHICAGO, SCHOOL OF MEDICINE,                      )
                                                  )
               Defendants.         )

**TABLE OF CONTENTS**

**FACTUAL AND PROCEDURAL BACKGROUND** …………………………………… **p. 1**

**ARGUMENT** …………………………………………………………………………..**p. 6**

**I. The Standard for Rule 59(e) motions** ………………………………………………**p.6**

*Hew v. Gen. Med., PC*, Case No. 18-cv-2177-RJD, 3-4 (S.D. Ill. Sep. 21, 2020)……………p. 6

**II. The redline of the Amended Complaint does not reflect the changes made to the original**

**Complaint** ……………………………………………………………………………**p. 6**

**III. Plaintiff's case and the facts in the Complaint** ……………………………………  **p. 6**

*Wilburn v. Indiana*, Case No. 3:17-cv-059 JD, 7-8 (N.D. Ind. Jun. 9, 2020) …… **p.8, 10, and 11**

**IV. The inclusion of individual defendants was necessary and required by law …….  p. 14**

*Doe v. Board of Trustees of University of Illinois*, 429 F. Supp. 2d 930, 940 n.2 (N.D. Ill. 2006)

…………………………………………………………………………………….**p. 14 and 15**

**V. The standard for Motions for Leave to File an Amended Complaint ………………. p. 16**

*Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) …………………………………...p. 16

*Murphy v. White Hen Pantry Co*., 691 F.2d 350, 353 (7th Cir. 1982)………………………. p. 18

**UNITED STATES DISTRICT COURT**
**IN THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EBONE PORCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21 CV |
| v. | ) | |
| | ) | Judge Steven C. Seeger |
| UNIVERSITY OF ILLINOIS at | ) | |
| CHICAGO, SCHOOL OF MEDICINE, | | |
| | ) | |
| Defendants. | ) | |

**CORRECTED AMENDED MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiff, by and through the undersigned attorney, pursuant to Federal Rule of

Civil Procedure 59(e), brings this Corrected Amended Motion and respectfully asks this Court to

alter or amend its final Judgement of December 21, 2022, and to grant Plaintiff's Motion for

Leave to File an Amended Complaint. In support thereof, Plaintiff states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1.  Originally, this action was presided by Honorable Judge Robert M. Dow Jr. who

    subsequently left this District Court to serve as Counselor to the Chief Justice of the United

    States.

3

2.     On August 3, 2022, Honorable Judge Dow dismissed Plaintiff's original ADA and

Rehabilitation claims without prejudice with leave to File a Motion for Leave to File an

Amended Complaint. [Dkt. # 16].

3.     Plaintiff filed a Motion for Leave to File an Amended Complaint with accompanying

Amended Complaint on September 1, 2022. [Dkt. # 17-18].

4.     Before this Court issued a ruling on Plaintiff's Motion for Leave to File an Amended

Complaint, Defendant filed a Response to Plaintiff's Motion for Leave to File an Amended

Complaint on September 22, 2022. [Dkt. # 20]

5.     On October 7, 2022, in accordance with the Court's Order, Plaintiff filed her Reply

demonstrating why Defendant's request in their Response to the Motion for Leave to File

Amended Complaint should be denied. [Dkt. # 21].

6.     Thereafter, on October 11, 2022, the case was assigned to this Honorable Court. [Dkt. #

22].

7.     This Court's Standing Order requires a redline whenever a party seeks to amend a

complaint. (Standing Order at Amended Complaint). The rationale for the Standing Order is

that "a redline promotes transparency and makes it easy for the parties and the Court to *spot*

*any changes*." [Dkt. # 27 Nov 7, 2022]

8.     Plaintiff had some technical difficulty preparing a redlined version but filed a redline

version on November 9, 2022.

9.     Due to the technical difficulties that counsel encountered in the implementation of the

redline, the filed redline did not capture any and all changes and, more importantly, it did not

capture the critically relevant changes in the Amended Complaint.

4

10. On December 20, 2022, this Honorable Court issued an Order denying Plaintiff's Motion to File an Amended Complaint. [Dkt. # 29]

11. The Court found that Plaintiff had sued the wrong Defendant (UIC), that the NBME is the right Defendant in this action and in her Amended Complaint Plaintiff did not add the NMBE as a Defendant and did not plausibly allege any facts to support the theory that UIC, instead of the NBME, failed to accommodate her. [DKT # 29, Dec. 20, 2022].

12. The Order stated in relevant part as follows:

    a) "The case is about accommodations when taking a medical exam. Porch sued Defendant University of Illinois at Chicago School of Medicine ("UIC"), her former medical school, alleging that it failed to provide her with the medical accommodations she needed to sit for Step 1 of the United States Medical Licensing Exam (USMLE). *Id.* at 2." [This Court Order of Dec. 20, 2022, at p. 1, where "*Id. at 2*" refers to Judge Dow's Memorandum and Order of August 3, 2022;

    b) "Adding UIC officials as defendants couldn't solve the problem. UIC is already here, so adding individuals from UIC in their official capacities does not change anything. UIC is the wrong entity. And suing officials from the wrong entity is still wrong." (*Id.* at p. 6); and

    c) "Finally, Porch asserts in her reply brief (which isn't a fertile ground for new arguments, so the argument is waived) that UIC: "instructs and requires the students with disabilities to go through [it] when they apply for the USMLE accommodations." *See* Pl.'s Reply to Mtn. for Leave to File Am. Cplt., at 3 (Dkt. No. [21]) (emphasis removed). However, this allegation is noticeably absent from the

proposed amended complaint. The proposed pleading is what matters, not the gloss in

a brief. And in any event, the amended complaint does not allege UIC had the

authority to grant a disability accommodation." (*Id.* at p. 7).

13.    Respectfully, the Court is mistaken on both the facts and the law that applies to Plaintiff's

Amended Complaint.


## ARGUMENT

### I.    The Standard for Rule 59(e) motions.

14.    A motion to alter or amend judgment pursuant to Rule 59(e) may be granted if

there is newly discovered evidence, or if the Court made a manifest error of law or

fact. *Moro v. Shell Oil Co*., 91 F.3d 872, 876 (7th Cir. 1992) (*citing Russell v. Delco*

*Remy Div. of General Motors Corp*., 51 F.3d 746, 749 (7th Cir. 1995)).  *Hew v. Gen.*

*Med., PC*, Case No. 18-cv-2177-RJD, 3-4 (S.D. Ill. Sep. 21, 2020).

15.    Plaintiff brought her original Motion within 28 days of the final judgment [Dkt. # 33] and

thereafter sought an extension of time for leave to file an amended motion [Dkt. # 35] as per the

Court's suggestion [Dkt. # 34].

16.    Plaintiff brings this Motion to demonstrate the relevant amendments that Plaintiff

included in her (proposed) Amended Complaint that, due to technical difficulties, were not

necessarily reflected in the redline version filed with the Court, or inadvertently overlooked.

17.    As set forth below, the amended complaint named the correct defendants. Respectfully,

the Court erred in entering judgment against Plaintiff.

### II.    The Amended Complaint stated viable claims against the correct Defendants.

18.    The redline filed by Plaintiff captured very few changes and not all the relevant changes from the original Complaint to the Amended Complaint. As set forth below, the amendment stated viable claims.

### III.    Plaintiff's case and the facts in the Complaint.

19.    This case is not about UIC failing to provide Ms. Porch with the accommodation she needed to sit for Step 1 of the USMLE. UIC does not have the power to grant and/or provide those accommodations because UIC does not administer the test.

20.    What UIC administers, however, and has full autonomous control of, is:

    a)  the processing of the UIC students' requests for accommodations for the STEP exams which must pass through the UIC Office of Access and Equity ("OAE") before such requests are submitted to the NMBE for evaluation;

    b)  the process to maintain a student enrolled in its medical program or terminate a student from its medical program;

    c)  the power to impose non-negotiable conditions that a student must satisfy to continue her enrollment in the medical program at UIC; and

    d)  the timing of UIC Board's decisions and the timing of UIC's communications to the students.

21.    All of those are facts implied in UIC's very existence, role, and functions as a university, a school. Plaintiff was not required to plead UIC's specific role and functions because those roles and functions are not an element of any of the two Causes of Actions brought forth by Plaintiff (Title II of the ADA and Rehab. Act).

22.     "To establish a violation of Title II of the ADA, 'the plaintiff must prove that he is a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was by reason of his disability.'" *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (quoting *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996)); *see also* 42 U.S.C. § 12132.

23.     To establish a violation of the Rehabilitation Act, the Plaintiff must demonstrate "that (1) he is a qualified person (2) with a disability and (3) he was denied access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B); *Wis. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 476 (7th Cir. 2006); *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004); *Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 119 (7th Cir. 1997)). Footnote 3. Under the Rehabilitation Act, refusing to make reasonable accommodation is tantamount to denying access. *Id.* (citing *Wis. Cmty. Servs. Inc.*, 465 F.3d at 747; *Alexander v. Choate*, 469 U.S. 287, 300-01 (1985)).

24.     Therefore, this case is about UIC reaching the decision to reinstate Ms. Porch into the medical program with the non-negotiable condition that she take and pass Step 1 of the USMLE by April 6 of 2019. However, UIC (aware that Ms. Porch required accommodations for the exam and that the process to request accommodations takes a full six-months) communicated its decision as well as the non-negotiable STEP 1 exam condition to Ms. Porch only on ***October 4, 2018***. This made it impossible for Ms. Porch to meet the 6 months' requirement for requesting

accommodations. In addition, when Ms. Porch requested assistance with the process of requesting accommodations, UIC did not answer until ***early November of 2018***.

25.     To state this in other words, concisely: this case is about UIC's ***negligent and/or intentionally tardy communications*** which made it impossible for Ms. Porch ***to meet the 6 months requirement for processing her request for accommodation.*** There is nothing that Plaintiff can hold NMBE responsible for because NMBE never had anything to do with UIC tardy communications.

26.     The tardy communications have nothing to do with the NMBE and have everything to do with UIC. It is axiomatic that UIC and UIC only had control over those tardy communications and over the timing of those communications. This is the reason Plaintiff never named NMBE as a defendant. *UIC's acts and omissions constitute the torts Plaintiff complains about.*

27.     Plaintiff admits that the original Complaint was confusing in this respect and therefore Honorable Judge Dow's confusion was understandable, but the Amended Complaint corrected the confusion. Respectfully, it was error for this Court to adopt Honorable Judge Dow's characterization of the case and import that characterization into its Order of December 20, 2022.

28.     Plaintiff starts the analysis from the very basics: does the Amended sufficiently allege claim(s)? The Amended Complaint alleges both the facts necessary to explain what UIC's tortious conduct consisted of *and* the facts necessary to meet the elements of the claims. (*See Wilburn v. Indiana*, Case No. 3:17-cv-059 JD, 7-8 (N.D. Ind. Jun. 9, 2020)).

29.     Paragraph 8 of the Amended Complaint states: "At all relevant times, Plaintiff was a student at University of Illinois at Chicago School of Medicine registered with the University to

receive accommodations under the ADA." Therefore, paragraph 8 alleges the first element of the claims: that Ms. Porch is/was a qualified individual with disability.

30.     Indirectly, paragraph 8 also alleges that UIC had either direct or constructive knowledge that Ms. Porch required accommodations.

31.     The accommodations consisted of additional time Ms. Porch needed to take an exam. Paragraphs 10 and 11 of the Amended Complaint allege the nature of Ms. Porch's disability and the type of accommodations she requires:

> "10. Plaintiff suffers from multiple disabilities, including but not limited to, Attention-Deficit/Hyperactivity Disorder, learning disabilities and generalized anxiety disorder."

> 11. Plaintiff has been evaluated by clinicians and has, at the recommendation of her clinicians, needed extended time testing accommodations while in school."

32.     It is axiomatic that if UIC had Ms. Porch registered as an ADA student, UIC was also aware of the nature of the accommodations she required. This is so because, if nothing else, UIC had already granted those accommodations to Ms. Porch during the exams she took in her medical program at UIC. Incidentally, and to restate, such "awareness" is not a "necessary" fact that Plaintiff had to plead in the Amended Complaint because such "awareness" is not an element of the COAs. The elements of the COAs do not include any scienter. (*See Wilburn, supra,* a 7th circuit case).

Paragraph 13 through 19 of the Amended Complaint read:

13. On October 4, 2018, School of the Medicine/University officials sent a letter to Plaintiff notifying her that she was required to take and pass United States Medical Licensing Examination ("USMLE") Step 1 by April 6, 2019.

14. The exam was actually scheduled for March 2019, but the letter did not inform Plaintiff that the Exam was scheduled for March 2019.

15. In addition, neither the letter, nor any University officials, had informed Plaintiff that the request for accommodations during the exam required six full months to be processed.

16. Plaintiff tendered a letter to begin the request for accommodations on October 5, 2018, asking for instructions on beginning the process to apply for accommodations.

17. Having received no response from the University and its officials, Plaintiff inquired again for the instructions on October 9, 2018.

18. Having received no response from the University and its officials, Plaintiff then inquired a third time for the instructions on October 23, 2018.

19. Finally, Plaintiff was allowed to submit the Medical Student Disability and Accommodations documentation on November 2, 2018.

33.    Paragraphs 13 through 19 sufficiently allege what the violations and discrimination consisted of: the request for USMLE's accommodations takes 6 months to process - (Plaintiff even included the UIC's policy as exhibit to the Amended Complaint) - but UIC informed Ms. Porch of the non-negotiable condition to take and pass the March 2019 STEP 1 exam **on October 4, 2018.** UIC's letter did not include the date of the exam and did not state that Ms.

11

Porch was already out of time to apply for accommodations. Plaintiff would have argued to a jury that the omissions were deliberate and a clear indication of bad faith.

34.    Paragraph 13 through 19 satisfy the second and third elements of the claims already: that UIC, not NMBE, denied Plaintiff access "to a program or activity on account of her disability".

35.    *Wilburn, supra*, clarifies that "Under the Rehabilitation Act, refusing to make a reasonable accommodation is tantamount to denying access." The accommodation that Ms. Porch was denied is not the additional time to take the exam (that is just a consequence of UIC's tortious conduct). The accommodation that Ms. Porch was denied is the accommodation that UIC was supposed to provide her with: ***timely assistance with the request for accommodation***. This is squarely a type of assistance that only UIC and not NMBE can and was supposed to provide to Ms. Porch but the UIC's tardy letter of October 4, 2018, made it impossible for Ms. Porch to obtain that timely assistance.

36.    UIC's tardy communications are the subject matter of this litigation and the basis of UIC's liability.

Respectfully, it was an error for the Court to enter judgment against Plaintiff.

The Amended Complaint further alleged (italics and bold font added):

20. The documentation submitted in support of Plaintiff's request for accommodations included the following: Letters from Porch's psychologist, psychiatrist and her family practitioner, all detailing her medical condition and advising that she required extra time to complete the examination due to her medical condition.

12

21. Said documentation substantially complies *with the Defendants' written policy regarding requests for disability testing accommodations*.

22. By way of letter addressed to the *UIC Office of Access and Equity ("OAE")* dated November 2, 2018, Plaintiff requested testing accommodations for the USMLE Step 1 <u>to be administered in March of 2019.</u>

23. *The OAE never issued a response to Plaintiff's request for accommodations*.

24. Plaintiff then contacted Mr. Urosev, Dean of Academic Affairs, and Dr. Marth Halsey, Academic Specialist, requesting assistance with the NBME Medical Testing Accommodations.

***25.*** *It was only then that Defendants Urosev and Defendant Halsey, notified Plaintiff that the request for accommodations requires six full months to be processed and,* **since the college had only granted Plaintiff five months to take the exam, there was not enough time to pursue the accommodations that Plaintiff required to succeed on the examination.**

26. Plaintiff was then advised to study hard and do the best she could on the NBME Medical test.

27. *The College of Medicine through Dean Curry was aware of Plaintiff's need for accommodations and had advised Plaintiff that she could and would receive assistance in requesting the accommodations.*

28. *The College of Medicine and its officials was also aware that the accommodations process required six full months for the completion and granting of the accommodations.*

13

29. *Nevertheless,* **the College of Medicine and its officials granted Plaintiff only five months to take and pass the test.**

30. *Subsequent to the Defendant's second refusal to accommodate Plaintiff's disabilities, Plaintiff's medical school informed her that she could not advance in its M.D. degree program without taking and passing USMLE Step 1.*

37. In order to "to accommodate Plaintiff's disabilities", in the context of the whole Amended Complaint, means granting her the 6 months required to apply for the disability accommodations with the USMLE and assisting her with the application.

38. The NMBE is not responsible for the discrimination committed by Defendant UIC and Plaintiff correctly omitted to name the NMBE as a Defendant. The Amended Complaint clearly states what tortious conduct UIC stands accused of and satisfies all the elements of the COAs.

## IV. The inclusion of individual defendants was necessary and required by law.

39. The order states at the bottom of page 6: "Adding UIC officials as defendants couldn't solve the problem. UIC is already here, so adding individuals from UIC in their official capacities does not change anything. UIC is the wrong entity. And suing officials from the wrong entity is still wrong." (Order at p. 6).

40. Plaintiff inserted footnote 2 in the title of Count I, right next to the sentence: "(**Against University Officials in their official capacities)".** The note reads (italics and bold font added):

"Doe also seeks injunctive relief against the individual defendants in their official capacities, including reinstatement to the College of Medicine and the

Medical Scholars Program, transfer to the College of Medicine's Chicago campus, an opportunity to retake his Clinical Laboratory Studies course, and a prohibition on future violations of his rights under the ADA. Compl. pp. 139-40. Under the rule announced in *Ex Parte Young,* 209 U.S. 123 (1908), ***plaintiffs may sue state officials in their official capacities for prospective relief to enjoin ongoing violations of their federal rights, notwithstanding the state's Eleventh Amendment immunity.*** *See, e.g., Bruggeman,* 324 F.3d at 912. *See Doe v. Board of Trustees of University of Illinois*, 429 F. Supp. 2d 930, 940 n.2 (N.D. Ill. 2006)"

41.     Plaintiff inserted footnote 3 in the title of Count II, right next to the sentence: "(**Against the University of Illinois at Chicago and School of Medicine)".** The note reads:

"***It is at least conceivable that Doe may be able to advance a claim against the University under section 504 of the Rehabilitation Act.*** <u>***29 U.S.C. § 704(a).***</u> ***Because Congress enacted that statute pursuant to the Constitution's Spending Clause, it could and did require states to waive their Eleventh Amendment immunity as a condition of receiving federal financial assistance***. *See* <u>42 U.S.C. § 2000d-7(a)(1)</u>. As a result, the Eleventh Amendment does not immunize the states from lawsuits under the Rehabilitation Act. *See Stanley v. Litscher,* <u>213 F.3d 340, 344</u> (7th Cir. 2000). Because, however, Doe has not alleged that the University receives federal financial assistance for the College of Medicine, the Court cannot assess at this juncture whether he can assert a Rehabilitation Act

claim in this case. *Doe v. Board of Trustees of University of Illinois*, 429 F. Supp.

2d 930, 940 n.2 (N.D. Ill. 2006)"

42.     Plaintiff included footnotes 2 and 3 in the Amended Complaint not only to clarify why

Count I is brought against the individual defendants and Count II is brought against UIC but to

also address concerns that Honorable Judge Dow had raised in his Order of August 3, 2022.

43.     Pursuant to the case law cited above, bringing the Title II ADA claim against the

individual defendants is how Ms. Porch defeats the immunity defense for Title II, and pleading

the fact that UIC receives federal funds – which Plaintiff did in paragraph 9 of the Amended

Complaint, underscored in the original and with Ex B. Excerpts from University Financial

Report EX B in support of the assertion - is how Ms. Porch defeats the immunity defense to the

Rehab. Act Claim.

### V.      The standard for Motions for Leave to File an Amended Complaint.

44.     "[T]he decision to grant or deny a motion to file an amended pleading is a matter

purely within the sound discretion of the district court." *Brunt v. Serv. Employees Int'l

Union*, 284 F.3d 715, 720 (7th Cir. 2002). We will overturn a denial of a motion for leave

to amend a complaint only if the district court "abused its discretion by refusing to grant

the leave without any justifying reason." *Id.; see also J.D. Marshall Int'l Inc. v. Redstart,

Inc.*, 935 F.2d 815, 819 (7th Cir. 1991).

45.     Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to

amend a pleading as a matter of course, it may amend "with the opposing party's written

consent or the court's leave." The court "should freely give leave when justice so

requires." Fed.R.Civ.P. 15(a)(2). "Although the rule reflects a liberal attitude towards the

amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002). *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008)

46.     With its order of December 20, 2022, this Court has denied Plaintiff Leave to File the Amended Complaint because the Court held the amendments futile. However, this Motion establishes that the amendments were not.

47.     In its Order of December 20, 2022, this Court addressed a passage included in Plaintiff's Reply to Defendant's Motion to Dismiss. Specifically, the Court wrote:

> "Finally, Porch asserts in her reply brief (which isn't a fertile ground for new arguments, so the argument is waived) that UIC : "instructs and requires the students with disabilities to go through [it] when they apply for the USMLE accommodations." *See* Pl.'s Reply to Mtn. for Leave to File Am. Cplt., at 3 (Dockt. No. [21]) (emphasis removed). However, this allegation is noticeably absent from the proposed amended complaint. The proposed pleading is what matters, not the gloss in a brief. And in any event, the amended complaint does not allege UIC had the authority to grant a disability accommodation." (*Id.* at p. 7).

48.     The comment demonstrates that if the Court determined that the proposed amendment did not state claims, further amendment should have been permitted because the reply demonstrated a claim could be stated.

49.     "The liberal pleading policy in the [federal rules] prevents dismissal of a meritorious action for purely formal or technical reasons." *Murphy v. White Hen Pantry Co*., 691 F.2d 350, 353 (7th Cir. 1982).

50.     Based upon the liberal pleading policy, judgment should not have been entered and Plaintiff should have been granted an opportunity to further amend the complaint.

## CONCLUSION

WHEREFORE, for all the reasons discussed above, Plaintiff respectfully requests that this Court alters and or amends its ruling of December 20, 2022, and grants Plaintiff's Leave to File the Amended Complaint.

Respectfully submitted,

EBONE PORCH

By:     s/ Calvita J. Frederick
         Attorney for Plaintiff

Calvita J. Frederick
Post Office Box 802976
Chicago, Illinois 60680-2976
312-421-5544
ARDC # 6184001
Calvita.Frederick@att.net

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 28, 2023, the foregoing Corrected Amended *Rule 59(e) Motion* was filed as a n Exhibit through the Court's CM/ECF system, which shall send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

s/ Calvita J. Frederick
Attorney for Plaintiff
Calvita J. Frederick