UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EBONE PORCH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-3848 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| UNIVERSITY OF ILLINOIS AT CHICAGO, SCHOOL OF MEDICINE, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Plaintiff Ebone Porch's motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure is hereby denied. (Dckt. Nos. 33, 42).

By way of background, Judge Dow presided over this case before his appointment to serve as Counselor to the Chief Justice of the United States. *See* 10/11/22 Executive Committee Order (Dckt. No. 22). On August 3, 2022, Judge Dow issued an Order dismissing Porch's complaint. *See* 8/3/22 Mem. Opin. & Order (Dckt. No. 16). But Judge Dow left the door open for a motion for leave to file an amended complaint. *Id.* at 1.

Porch pursued that opening and filed a motion for leave to amend the complaint. And then, this case was reassigned from Judge Dow to this Court. *See* Mtn. for Leave to File Am. Cplt. (Dckt. No. 17); 10/11/22 Executive Committee Order (Dckt. No. 22).

After giving the draft complaint a close look, this Court ultimately denied Porch's motion for leave to file an amended complaint. *See* 12/20/22 Order (Dckt. No. 29). Porch's "proposed amended complaint [did] not plug all of the holes spotted by Judge Dow." *Id.* at 7.

Basically, Porch sued the University of Illinois at Chicago under the ADA, the Rehabilitation Act, and state law for failing to accommodate her when taking Step 1 of the United States Medical Licensing Exam. But UIC doesn't administer the exam. The National Board of Medical Examiners ("NBME") does.

So Porch sued the wrong party. UIC is not responsible for accommodations for the NBME's exams. "[T]he NBME handles accommodations for the NBME's exam. The amended complaint did not fix that problem." *Id.* at 5.

This Court ultimately concluded that the proposed amended complaint would be futile. *Id.* "None of the other proposed changes to the complaint address how UIC is responsible for failing to grant accommodations for an exam run by the NBME. There is no allegation that UIC had the authority to grant accommodations on a test administered by a non-party." *Id.* at 6. So this Court denied the motion for leave to file an amended complaint, and entered final judgment. *See* Final Judgment Order (Dckt. No. 30).

Porch then filed a timely but salty motion to alter or amend the judgment. *See* Mtn. to Amend (Dckt. No. 33). The tone of the filing lacked civility, to put it mildly, so this Court invited a toned-down filing. *See* 3/9/23 Mem. Opin. & Order (Dckt. No. 34). After requesting and receiving an extension, Plaintiff's counsel later filed a revised version of the motion. *See* Am. Mtn. (Dckt. No. 42). That motion is now before the Court.

Rule 59(e) of the Federal Rules of Civil Procedure authorizes a party to file "[a] motion to alter or amend a judgment." *See* Fed. R. Civ. P. 59(e). The motion "must be filed no later than 28 days after the entry of the judgment." *Id.* Rule 59(e) sets a high bar for relief. "A motion under Rule 59(e) may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

"A Rule 59(e) motion, however, does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (quotation marks omitted). "The district court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (quotation marks omitted).

Porch falls short of that high standard, by a country mile. The motion makes a few arguments, but they do not get Porch very far.

The first argument is about the redlined version of the amended complaint. This Court's Standing Order requires parties to file a redline on the docket whenever they file an amended complaint. That way, opposing counsel and the Court can readily spot the changes. It adds transparency and reduces search costs, without imposing any meaningful burden on the movant.

Months ago, Plaintiff's counsel professed an inability to make a redline. *See* Mtn. (Dckt. No. 26). So this Court issued a minute order that walked her through it. *See* 11/7/22 Order (Dckt. No. 27). It's pretty simple using Microsoft Word.

For some reason, that redline plays a starring role in Porch's Rule 59(e) motion. Porch argues that the redline version of the amended complaint, showing the changes made from the original complaint, "captured very few changes and not all the relevant changes from the original Complaint to the Amended Complaint." *See* Am. Mtn., at ¶ 18 (Dckt. No. 42). Porch contends that "[d]ue to the technical difficulties that counsel encountered in the implementation of the redline, the filed redline did not capture any and all changes and, more importantly, it did not capture the critically relevant changes in the Amended Complaint." *Id.* at ¶ 9.

The redline is a red herring. Counsel does not point to any changes in the amended complaint that did not make their way into the redlined version. This Court did some digging, and sure enough, the redline captures all of the changes.

For example, Plaintiff's proposed amended complaint has 47 paragraphs. *See* Proposed Am. Cplt. (Dckt. No. 17-1). So too does the redline. *See* Redline Cplt. (Dckt. No. 28). Based on the Court's review of those 47 paragraphs, the redline shows the content that appears in the proposed amended complaint.

As another example, the redline shows that Plaintiff added paragraphs 14–15 to the complaint. *See* Redline Cplt., at ¶¶ 14–15 (Dckt. No. 28). Those paragraphs appear verbatim in the proposed amended complaint. *See* Proposed Am. Cplt., at ¶¶ 14–15 (Dckt. No. 17-1).

The content exists in both files. So, it is not as if the amended complaint included paragraphs that were not captured by the redline.

And even then, the redline was not the end all and be all. The redline was created for the Court's convenience. *See* 11/7/22 Order (Dckt. No. 27). Redlines "promote[] transparency, and make[] it a lot easier for counsel and the Court to spot any changes." *Id.* But this Court did not exclusively rely on the redline when evaluating the proposed amended complaint. This Court also reviewed the "clean" version of the proposed amended complaint when ruling on Porch's motion for leave to file an amended complaint.

So any way you slice it, the redline is not a basis for granting Porch relief under Rule 59(e). The redline looks accurate, and even if there was some omission, the Court also relied on the clean version, too.

The second argument is simply a rehash of arguments that this Court considered before ruling on the motion for leave to file an amended complaint. *See* Am. Mtn., at ¶¶ 19–38 (Dckt. No. 42). Rule 59(e) gives parties a limited window of opportunity to flag errors and correct mistakes. It is confined to manifest errors of fact or law. *See Robinson*, 1 F.4th at 483. Rule 59(e) is not an invitation to warm up judicial leftovers, and reheat arguments that received a cold reception the first time.

Porch does not point to any law that this Court did not consider. And she does not point to any new facts showing that this Court's earlier ruling amounted to manifest error.

Third, Porch relitigates her decision to add a host of UIC officials in their official capacities as defendants. *See* Am. Mtn., at ¶¶ 39–43 (Dckt. No. 42). Again, Porch has not pointed to any manifest errors of fact or law.

This Court denied Porch leave to file an amended complaint because UIC is the wrong entity to sue. *See* 12/20/22 Order, at 6 (Dckt. No. 29). Suing UIC officials in their official capacities could not get around that fundamental problem. UIC people aren't responsible for accommodations for the NBME's exams. The NBME is.

True, in some cases it is necessary to sue state officials, and not the state, to avoid state sovereign immunity. *See Driftless Area Conservancy v. Valcq*, 16 F.4th 508, 518 (7th Cir. 2021) ("State officials may be sued in federal court in their official capacities notwithstanding the state's sovereign immunity if the *Ex parte Young* exception applies. Under that doctrine a plaintiff may proceed in federal court against a state official for the limited purpose of obtaining prospective relief against an ongoing violation of federal law."). But sovereign immunity wasn't the problem here. The UIC is not responsible for the NBME, and neither are its people. *See* 12/20/22 Order, at 6 (Dckt. No. 29).

In sum, the Court denies Porch's motion to alter or amend the judgment under Rule 59(e). (Dckt. Nos. 33, 42).

Date: July 7, 2023

Steven C. Seeger
United States District Judge

4