

United States District Court
For the Northern District of Illinois
Eastern Division

**FILED**

AUG 03 2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Ebone Porch, )
    Plaintiff, )
)
v. )   Case No. 21-cv-3848
)
)   Honorable Steven C. Seeger
)
University of Illinois At Chicago, )
School of Medicine, )
)
    Defendant. )

## NOTICE OF APPEAL

I would like to give notice on this 3rd day of August, 2023 that, I, the Plantiff, Ebone Porch hereby appeals to the United States Court of Appeals for the Seventh Circuit from the final judgment entered on July 7th, 2023 to deny the motion to alter or amend the judgment.

Sincerely,

Ebone Porch
Pro Se Litigant
08/03/2023

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EBONE PORCH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-3848 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| UNIVERSITY OF ILLINOIS AT CHICAGO, SCHOOL OF MEDICINE, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Plaintiff Ebone Porch's motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure is hereby denied. (Dckt. Nos. 33, 42).

By way of background, Judge Dow presided over this case before his appointment to serve as Counselor to the Chief Justice of the United States. *See* 10/11/22 Executive Committee Order (Dckt. No. 22). On August 3, 2022, Judge Dow issued an Order dismissing Porch's complaint. *See* 8/3/22 Mem. Opin. & Order (Dckt. No. 16). But Judge Dow left the door open for a motion for leave to file an amended complaint. *Id.* at 1.

Porch pursued that opening and filed a motion for leave to amend the complaint. And then, this case was reassigned from Judge Dow to this Court. *See* Mtn. for Leave to File Am. Cplt. (Dckt. No. 17); 10/11/22 Executive Committee Order (Dckt. No. 22).

After giving the draft complaint a close look, this Court ultimately denied Porch's motion for leave to file an amended complaint. *See* 12/20/22 Order (Dckt. No. 29). Porch's "proposed amended complaint [did] not plug all of the holes spotted by Judge Dow." *Id.* at 7.

Basically, Porch sued the University of Illinois at Chicago under the ADA, the Rehabilitation Act, and state law for failing to accommodate her when taking Step 1 of the United States Medical Licensing Exam. But UIC doesn't administer the exam. The National Board of Medical Examiners ("NBME") does.

So Porch sued the wrong party. UIC is not responsible for accommodations for the NBME's exams. "[T]he NBME handles accommodations for the NBME's exam. The amended complaint did not fix that problem." *Id.* at 5.

This Court ultimately concluded that the proposed amended complaint would be futile. *Id.* "None of the other proposed changes to the complaint address how UIC is responsible for failing to grant accommodations for an exam run by the NBME. There is no allegation that UIC had the authority to grant accommodations on a test administered by a non-party." *Id.* at 6. So this Court denied the motion for leave to file an amended complaint, and entered final judgment. *See* Final Judgment Order (Dckt. No. 30).

Porch then filed a timely but salty motion to alter or amend the judgment. *See* Mtn. to Amend (Dckt. No. 33). The tone of the filing lacked civility, to put it mildly, so this Court invited a toned-down filing. *See* 3/9/23 Mem. Opin. & Order (Dckt. No. 34). After requesting and receiving an extension, Plaintiff's counsel later filed a revised version of the motion. *See* Am. Mtn. (Dckt. No. 42). That motion is now before the Court.

Rule 59(e) of the Federal Rules of Civil Procedure authorizes a party to file "[a] motion to alter or amend a judgment." *See* Fed. R. Civ. P. 59(e). The motion "must be filed no later than 28 days after the entry of the judgment." *Id.* Rule 59(e) sets a high bar for relief. "A motion under Rule 59(e) may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

"A Rule 59(e) motion, however, does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (quotation marks omitted). "The district court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (quotation marks omitted).

Porch falls short of that high standard, by a country mile. The motion makes a few arguments, but they do not get Porch very far.

The first argument is about the redlined version of the amended complaint. This Court's Standing Order requires parties to file a redline on the docket whenever they file an amended complaint. That way, opposing counsel and the Court can readily spot the changes. It adds transparency and reduces search costs, without imposing any meaningful burden on the movant.

Months ago, Plaintiff's counsel professed an inability to make a redline. *See* Mtn. (Dckt. No. 26). So this Court issued a minute order that walked her through it. *See* 11/7/22 Order (Dckt. No. 27). It's pretty simple using Microsoft Word.

For some reason, that redline plays a starring role in Porch's Rule 59(e) motion. Porch argues that the redline version of the amended complaint, showing the changes made from the original complaint, "captured very few changes and not all the relevant changes from the original Complaint to the Amended Complaint." *See* Am. Mtn., at ¶ 18 (Dckt. No. 42). Porch contends that "[d]ue to the technical difficulties that counsel encountered in the implementation of the redline, the filed redline did not capture any and all changes and, more importantly, it did not capture the critically relevant changes in the Amended Complaint." *Id.* at ¶ 9.

2

The redline is a red herring. Counsel does not point to any changes in the amended complaint that did not make their way into the redlined version. This Court did some digging, and sure enough, the redline captures all of the changes.

For example, Plaintiff's proposed amended complaint has 47 paragraphs. *See* Proposed Am. Cplt. (Dckt. No. 17-1). So too does the redline. *See* Redline Cplt. (Dckt. No. 28). Based on the Court's review of those 47 paragraphs, the redline shows the content that appears in the proposed amended complaint.

As another example, the redline shows that Plaintiff added paragraphs 14–15 to the complaint. *See* Redline Cplt., at ¶¶ 14–15 (Dckt. No. 28). Those paragraphs appear verbatim in the proposed amended complaint. *See* Proposed Am. Cplt., at ¶¶ 14–15 (Dckt. No. 17-1).

The content exists in both files. So, it is not as if the amended complaint included paragraphs that were not captured by the redline.

And even then, the redline was not the end all and be all. The redline was created for the Court's convenience. *See* 11/7/22 Order (Dckt. No. 27). Redlines "promote[] transparency, and make[] it a lot easier for counsel and the Court to spot any changes." *Id.* But this Court did not exclusively rely on the redline when evaluating the proposed amended complaint. This Court also reviewed the "clean" version of the proposed amended complaint when ruling on Porch's motion for leave to file an amended complaint.

So any way you slice it, the redline is not a basis for granting Porch relief under Rule 59(e). The redline looks accurate, and even if there was some omission, the Court also relied on the clean version, too.

The second argument is simply a rehash of arguments that this Court considered before ruling on the motion for leave to file an amended complaint. *See* Am. Mtn., at ¶¶ 19–38 (Dckt. No. 42). Rule 59(e) gives parties a limited window of opportunity to flag errors and correct mistakes. It is confined to manifest errors of fact or law. *See Robinson*, 1 F.4th at 483. Rule 59(e) is not an invitation to warm up judicial leftovers, and reheat arguments that received a cold reception the first time.

Porch does not point to any law that this Court did not consider. And she does not point to any new facts showing that this Court's earlier ruling amounted to manifest error.

Third, Porch relitigates her decision to add a host of UIC officials in their official capacities as defendants. *See* Am. Mtn., at ¶¶ 39–43 (Dckt. No. 42). Again, Porch has not pointed to any manifest errors of fact or law.

This Court denied Porch leave to file an amended complaint because UIC is the wrong entity to sue. *See* 12/20/22 Order, at 6 (Dckt. No. 29). Suing UIC officials in their official capacities could not get around that fundamental problem. UIC people aren't responsible for accommodations for the NBME's exams. The NBME is.

3

True, in some cases it is necessary to sue state officials, and not the state, to avoid state sovereign immunity. *See Driftless Area Conservancy v. Valcq*, 16 F.4th 508, 518 (7th Cir. 2021) ("State officials may be sued in federal court in their official capacities notwithstanding the state's sovereign immunity if the *Ex parte Young* exception applies. Under that doctrine a plaintiff may proceed in federal court against a state official for the limited purpose of obtaining prospective relief against an ongoing violation of federal law."). But sovereign immunity wasn't the problem here. The UIC is not responsible for the NBME, and neither are its people. *See* 12/20/22 Order, at 6 (Dckt. No. 29).

In sum, the Court denies Porch's motion to alter or amend the judgment under Rule 59(e). (Dckt. Nos. 33, 42).

Date: July 7, 2023

Steven C. Seeger
United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1
Eastern Division

Ebone Porch
                              Plaintiff,

v.                                                Case No.: 1:21−cv−03848
                                                  Honorable Steven C. Seeger

University of Illinois at Chicago, School of Medicine
                              Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, July 7, 2023:

MINUTE entry before the Honorable Steven C. Seeger: Plaintiff's motion to alter or amend the judgment under Rule 59(e) (Dckt. Nos. [33, 42]) is hereby denied. Order to follow. Mailed notice (lf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

APPEAL,COX,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:21-cv-03848
### Internal Use Only

| | |
|---|---|
| Porch v. University of Illinois College of Medicine | Date Filed: 07/20/2021 |
| Assigned to: Honorable Steven C. Seeger | Date Terminated: 12/21/2022 |
| Demand: $300,000 | Jury Demand: None |
| Cause: 42:12101 Americans with Disabilities Act | Nature of Suit: 446 Civil Rights: Americans with Disabilities - Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Ebone Porch**  represented by  **Calvita J. Frederick**
Calvita J. Frederick & Associates
P.o. Box 802976
Chicago, IL 60680
(312) 421-5544
Email: cjf@cjfredericklaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**University of Illinois at Chicago, School of Medicine**  represented by  **Nancy L. DePodesta**
Saul Ewing Arnstein & Lehr LLP
161 North Clark Street
Suite 4200
Chicago, IL 60601
(312) 876-7100
Email: nancy.depodesta@saul.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Tobias Eveland**
Saul Ewing Arnstein & Lehr LLP
161 North Clark Street, Suite 4200
Chicago, IL 60601
(312)876-7100
Email: toby.eveland@saul.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Sabrina Filomena**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/07/2023 | 63 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 62 . (nsf, ) (Entered: 08/07/2023) |
| 08/07/2023 | 58 | Re referral to exec comm STATEMENT by Ebone Porch *of Calvita J. Frederick* (Attachments: # 1 Exhibit Transcript)(Frederick, Calvita) (Entered: 08/07/2023) |
| 08/03/2023 | 62 | NOTICE of appeal by Ebone Porch regarding orders 48 , 47 . (nsf, ) (Entered: 08/07/2023) |
| 08/03/2023 | 61 | LETTER from Ebone Porch dated 8/3/23. (nsf, ) (Entered: 08/07/2023) |
| 08/03/2023 | 60 | MOTION by Plaintiff Ebone Porch to withdraw attorney.<br><br>(nsf, ) (Entered: 08/07/2023) |
| 08/03/2023 | 59 | PRO SE Appearance by Plaintiff Ebone Porch. (nsf, ) (Entered: 08/07/2023) |
| 07/31/2023 | 57 | TRANSCRIPT OF PROCEEDINGS held on 7/11/2023 before the Honorable Steven C. Seeger. Order Number: 46286. Court Reporter Contact Information: Amy Spee, amyofficialtranscripts@gmail.com.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 8/21/2023. Redacted Transcript Deadline set for 8/31/2023. Release of Transcript Restriction set for 10/30/2023. (Spee, Amy) (Entered: 07/31/2023) |
| 07/24/2023 | 56 | MINUTE entry before the Honorable Steven C. Seeger: The motion for an extension of time (Dckt. No. 55 ) is hereby granted. Plaintiff's counsel seeks more time to file her statement about a potential referral to the Executive Committee, so that she can get her hands on the transcript from the recent hearing. The response is due by August 7, 2023. Mailed notice (jjr, ) (Entered: 07/24/2023) |
| 07/21/2023 | 55 | MOTION by Plaintiff Ebone Porch for extension of time to file *Sttement Re: Referral*<br><br>(Attachments: # 1 Exhibit Email re transcript)(Frederick, Calvita) (Entered: 07/21/2023) |
| 07/14/2023 | 54 | SEALED DOCUMENT by Plaintiff Ebone Porch (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Frederick, Calvita) (Entered: 07/14/2023) |
| 07/11/2023 | 53 | MINUTE entry before the Honorable Steven C. Seeger: Status hearing held on July 11, 2023. The Court discussed the tone of the motion to alter or amend the judgment (Dckt. No. 33 ) filed by attorney Frederick on January 14, 2023. The alleged ghostwriter, attorney Filomena (who is not counsel of record in this |

| | | |
|---|---|---|
| | | case), participated by video. The Court heard conflicting accounts of the backstory of the motion. The motion was filed under the signature of attorney Frederick, so she is responsible for the content. Even so, the Court is concerned about the conflicting accounts about the genesis of that motion, including the desired tone. Attorney Frederick and attorney Filomena basically blamed each other for the salty tone of that filing. During the hearing, attorney Frederick and attorney Filomena discussed emails that they had exchanged about the filing of that motion. By July 14, 2023, attorney Frederick and attorney Filomena must file on the docket any emails about the preparation or filing of that motion, including but not limited to the emails discussed at the hearing. If there are any privilege issues, counsel may file a redacted version on the docket, and then submit an unredacted version for an in-camera inspection. The Court authorizes a filing under seal, too, if appropriate. In addition, if she chooses to do so, attorney Filomena is authorized to file any other statement by July 19, 2023 that might shed light on the issues at hand. The Court is interested in the backstory, including any descriptions of the tone desired by attorney Frederick for the motion to alter or amend the judgment. Specifically, the Court is curious to know who authored the specific sentences in the motion to alter or amend the judgment that this Court identified and quoted in its Order dated March 9, 2023 (Dckt. No. 34 ). The Court is referring to the sentences on pages 12, 18, 21, 22, 23, 27, and 28 (and perhaps others) in the motion to alter or amend the judgment (Dckt. No. 33 ), as quoted in this Court's Order dated March 9, 2023. More generally, the Court expressed its concerns about attorney Frederick's unfortunate track record of crossing the line in her filings when it comes to personal attacks directed at members of the judiciary. By July 21, 2023, attorney Frederick must file a statement and show cause why she should not be referred to the Executive Committee for potential disciplinary action. The Court directs the Clerk's Office to add attorney Filomena to the docket as an intervenor for the limited purpose of making the filings directed by the Court as discussed at the hearing. The Court directs attorney Frederick to serve a copy of this Order on attorney Filomena by email, copy defense counsel, and file a certificate of service on the docket by July 14, 2023. Mailed notice. (exr, ) (Entered: 07/12/2023) |
| 07/10/2023 | 52 | MINUTE entry before the Honorable Steven C. Seeger: Attorney Filomena will receive an email with a link to join the video conference prior to the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (exr, ) (Entered: 07/10/2023) |
| 07/10/2023 | 51 | MINUTE entry before the Honorable Steven C. Seeger: Attorney Filomena's motion to appear remotely at the hearing on July 11, 2023 due to medical reasons (Dckt. No. 50 ) is hereby granted. The Court will allow attorney Filomena (only) to appear remotely, to accommodate her health situation. All other counsel of record must appear in person. The Court will circulate the information for participation by WebEx by separate order. Mailed notice. (exr, ) (Entered: 07/10/2023) |
| 07/07/2023 | 50 | MOTION by Plaintiff Ebone Porch for leave to appear as via Zoom or telephone. (Exhibits) |

| | | |
|---|---|---|
| | | (nsf, ) (Entered: 07/10/2023) |
| 07/07/2023 | 49 | COMPLIANCE WITH ORDER OF JULY 7 2023 STATEMENT by Ebone Porch (Attachments: # 1 Exhibit EX E EMAIL FORWARDED ORDER, # 2 Exhibit EX F EMAIL W ATTACHED ORDER)(Frederick, Calvita) (Entered: 07/07/2023) |
| 07/07/2023 | 48 | ORDER. Signed by the Honorable Steven C. Seeger on 7/7/2023. Mailed notice(lf, ) (Entered: 07/07/2023) |
| 07/07/2023 | 47 | MINUTE entry before the Honorable Steven C. Seeger: Plaintiff's motion to alter or amend the judgment under Rule 59(e) (Dckt. Nos. [33, 42]) is hereby denied. Order to follow. Mailed notice (lf, ) (Entered: 07/07/2023) |
| 07/07/2023 | 46 | MINUTE entry before the Honorable Steven C. Seeger: The Court reviewed the filing by Plaintiff's counsel about the appearance of Ms. Filomena, the would-be ghostwriter, at the upcoming in-person hearing on July 11, 2023. The filing says that Ms. Filomena cannot travel due to unspecified health reasons. That explanation is not sufficient. The Court sua sponte grants Ms. Filomena leave to intervene for the limited purpose of filing any appropriate motion or other submission about the upcoming hearing, and about the issues raised in this Court's recent Order about the ghostwriting. The Court directs Plaintiff's counsel to email a copy of this Order to Ms. Filomena immediately, and file a certificate of service on the docket as soon as possible. In the meantime, the Court plans to go forward with the in-person hearing on July 11, 2023, and requires the attendance of both Ms. Frederick and Ms. Filomena. Mailed notice (lf, ) (Entered: 07/07/2023) |
| 07/06/2023 | 45 | of Compliance with Order of Court STATEMENT by Ebone Porch (Attachments: # 1 Exhibit a Notice of Order of 06 30, # 2 Exhibit B Second Notice, # 3 Exhibit C add copy of Order travel plans, # 4 Exhibit D travel plans)(Frederick, Calvita) (Entered: 07/06/2023) |
| 06/30/2023 | 44 | MINUTE entry before the Honorable Steven C. Seeger: The Court reviewed the statement from Plaintiff's counsel (Dckt. No. 43 ) about the would-be ghostwriter. Attorney Frederick represented that Sabrina Filomena, an attorney in Florida, prepared the motion to alter or amend the judgment. The Court will preside over an in-person hearing on Tuesday, July 11 at 9:30 a.m. The Court requires the in-person attendance of both Calvita Frederick and Sabrina Filomena. The Court will not allow a telephonic appearance. No exceptions. Sabrina Filomena is not listed on the docket as counsel for Plaintiff Porch. Attorney Frederick must give her notice of the hearing. Specifically, attorney Frederick must call Ms. Filomena, notify her about the hearing, email a copy of this Order, and file a certificate of service that confirms compliance by July 6, 2023. Attorney Frederick is responsible for facilitating and securing the appearance of Ms. Filomena. Mailed notice. (jjr, ) (Entered: 06/30/2023) |
| 06/28/2023 | 43 | Identification of Ghost STATEMENT by Ebone Porch (Frederick, Calvita) (Entered: 06/28/2023) |
| 06/28/2023 | 42 | MOTION by Plaintiff Ebone Porch to alter judgment *Corrected and Amended* (Frederick, Calvita) (Entered: 06/28/2023) |

| | | |
|---|---|---|
| 06/27/2023 | 41 | MEMORANDUM Opinion and Order Signed by the Honorable Steven C. Seeger on 6/27/2023. Mailed notice. (jjr, ) (Entered: 06/27/2023) |
| 06/27/2023 | 40 | MINUTE entry before the Honorable Steven C. Seeger: Plaintiff Porch's motion for an extension of time to file an amended motion to alter or amend the judgment (Dckt. No. 35 ) is hereby granted. Memorandum Opinion and Order to follow. As stated in the forthcoming Opinion, the Court grants Plaintiff leave to file an amended motion to alter or amend the judgment by June 30, 2023. Separately, Plaintiff filed a motion for leave to file an amended motion to alter or amend the judgment (Dckt. No. 36 ), and then filed a "corrected" version of that amended motion, which she called a motion for leave to file a "corrected amended motion" to alter or amend the judgment (Dckt. No. 38 ). To top it off, Plaintiff also filed a motion to strike the first motion for leave to file the (pre-corrected) amended motion. (Dckt. No. 37 ) As this Court later ruled (Dckt. No. 39 ), the Court deemed the first motion (Dckt. No. 36 ) as withdrawn in light of the second version of that motion (Dckt. No. 38 ). All of this is more complicated than it should be. Plaintiff can file the corrected amended motion to alter or amend the judgment under Rule 59(e) (Dckt. No. [38-2]) by June 30, 2023. She needs to file the motion as a freestanding docket entry, not as an attachment to some other motion. So the motion for leave to file (Dckt. No. 38 ) is granted to that limited extent. That said, Rule 59(e) has a 28-day deadline that cannot be extended. This Court will allow the filing of the amended corrected motion to alter or amend the judgment, simply for the purpose of improving the tone of the original Rule 59(e) motion (Dckt. No. 33 ). This Court will not allow Plaintiff to assert any new arguments in the forthcoming motion (and to the extent that Plaintiff purports to do so, any such arguments under Rule 59(e) are denied). Mailed notice. (jjr, ) (Entered: 06/27/2023) |
| 06/20/2023 | 39 | MINUTE entry before the Honorable Steven C. Seeger: Plaintiff filed a motion to alter or amend the judgment, and then filed a motion to strike that motion. Plaintiff later filed a corrected motion to alter or amend the judgment. The first motion to alter or amend the judgment (Dckt. No. 36 ) is deemed withdrawn. The motion to strike (Dckt. No. 37 ) is denied as moot. The Court takes the second motion to alter or amend the judgment (Dckt. No. 38 ) under advisement. Mailed notice. (jjr, ) (Entered: 06/20/2023) |
| 06/08/2023 | 38 | MOTION by Plaintiff Ebone Porch for leave to file *Corrected Amended 59 (e) Motion, Instanter*<br><br>(Attachments: # 1 Exhibit EMAILS, # 2 Exhibit CORRECTED AMENDED 59 (e) Mot)(Frederick, Calvita) (Entered: 06/08/2023) |
| 06/07/2023 | 37 | MOTION by Plaintiff Ebone Porch to strike MOTION by Plaintiff Ebone Porch for leave to file *Amended 59 (e) motion*<br><br>36 *Filed in Error*<br><br>(Frederick, Calvita) (Entered: 06/07/2023) |
| 06/07/2023 | 36 | MOTION by Plaintiff Ebone Porch for leave to file *Amended 59 (e) motion*<br><br>(Attachments: # 1 Exhibit Email correspondence, # 2 Exhibit Amended 59 (e) motion)(Frederick, Calvita) (Entered: 06/07/2023) |

| | | |
|---|---|---|
| 03/20/2023 | 35 | MOTION by Plaintiff Ebone Porch for extension of time to amend motion to alter judgment 33 (Frederick, Calvita) (Entered: 03/20/2023) |
| 03/09/2023 | 34 | MEMORANDUM Opinion and Order Signed by the Honorable Steven C. Seeger on 3/9/2023. Mailed notice. (jjr, ) (Entered: 03/09/2023) |
| 01/14/2023 | 33 | MOTION by Plaintiff Ebone Porch to alter judgment (Attachments: # 1 Exhibit) (Frederick, Calvita) (Entered: 01/14/2023) |
| 01/11/2023 | 32 | MINUTE entry before the Honorable Steven C. Seeger: Plaintiff filed a motion for leave to file in excess of 15 pages (Dckt. No. 31 ), which is hereby granted. Plaintiff then attached a separate motion to alter or amend the judgment. (Dckt. No. 31 -1) That's a different motion, and different motions should have different docket entries. Motions should not be embedded within motions. Keeping them separate avoids confusion, and prevents buried motions from getting lost in the cracks. Plaintiff must refile the motion to alter or amend the judgment as a freestanding docket entry, and must do so by January 18, 2023 (that is, no later than 28 days after the entry of judgment on December 21, 2022). In the meantime, the motion to alter or amend the judgment (Dckt. No. 31 -1) is denied without prejudice (to the extent that it could be deemed to be a pending motion at all). Mailed notice (jjr, ) (Entered: 01/11/2023) |
| 01/10/2023 | 31 | MOTION by Plaintiff Ebone Porch for reconsideration regarding order on motion for leave to file, 29 *of December 21, 2022*, MOTION by Plaintiff Ebone Porch for leave to file *oversized brief* (Attachments: # 1 Exhibit Table of contents, # 2 Exhibit Motion to Alter or Amend Judgment)(Frederick, Calvita) (Entered: 01/10/2023) |
| 12/21/2022 | 30 | ENTERED JUDGMENT on 12/21/2022. Civil case terminated. Mailed notice. (jjr, ) (Entered: 12/21/2022) |
| 12/20/2022 | 29 | ORDER Signed by the Honorable Steven C. Seeger on 12/20/2022. Mailed notice. (jjr, ) (Entered: 12/20/2022) |
| 11/09/2022 | 28 | REDLINED VERSION OF AMENDED COMPLAINT by Ebone Porch (Frederick, Calvita) (Entered: 11/09/2022) |
| 11/07/2022 | 27 | MINUTE entry before the Honorable Steven C. Seeger: Plaintiff's motion for an extension of time (Dckt. No. 26 ) is hereby granted in part. Plaintiff filed a motion for leave to amend the complaint, which Defendant opposed. (Dckt. No. 17 ) On November 2, 2022, this Court ordered Plaintiff to file a redlined version, as required by this Court's Standing Order. (Dckt. No. 25 ) This Court requires redlines for amended complaints in all of its cases (hence the Standing Order on its webpage). It promotes transparency, and makes it a lot easier for counsel and the Court to spot any changes. That's especially helpful when, as here, the question is whether an amended complaint fixed the problems identified in an order (like the opinion by Judge Dow in this case). In the motion, Plaintiff's counsel asked for an additional week. She states that she "is not proficient with those editing tools," and is "totally unaware of how to retroactively create a redlined version." Id. It's easy. Go to Microsoft Word. In the menu bar, go to "Review." Then go to "Compare." At that point, all you have to do is select the original document, and then select the revised document, and then hit "OK." Microsoft Word will make the redline for you. If Plaintiff's counsel wants an additional tutorial, googling "how to make a redline" will yield lots of help. |

| | | |
|---|---|---|
| | | Plaintiff "believes this project is time consuming," and she says that she does not have the time in light of "counsel's work schedule already in place." In this Court's experience, preparing a redline takes about 60 seconds. Maybe it will take a couple minutes if someone has never done it before. But not much more. The Court extends the deadline to November 9, 2022. If Plaintiff does not file on the docket a redline of the amended complaint by November 9, 2022, the motion for leave to file an amended complaint will be denied. Mailed notice. (jjr, ) (Entered: 11/07/2022) |
| 11/04/2022 | 26 | MOTION by Plaintiff Ebone Porch for extension of time *to file red-lined version of amended complaint* (Frederick, Calvita) (Entered: 11/04/2022) |
| 11/02/2022 | 25 | MINUTE entry before the Honorable Steven C. Seeger: The Court reviewed Plaintiff's motion for leave to file an amended complaint. (Dckt. No. 17 ) Plaintiff attached a proposed amended complaint, but not a redline. Now that this case has been transferred from Judge Dow, this Court's procedures apply. And this Court's Standing Order requires a redline. So, by November 4, 2022, Plaintiff must file on the docket a redline showing any changes between the last complaint and the proposed amended complaint. After receiving that submission, the Court will consider the motion to amend. Defendant argues that not much has changed, but time will tell. Mailed notice (jjr, ) (Entered: 11/02/2022) |
| 10/28/2022 | 24 | Joint STATEMENT by University of Illinois at Chicago, School of Medicine (Eveland, William) (Entered: 10/28/2022) |
| 10/11/2022 | 23 | MINUTE entry before the Honorable Steven C. Seeger: The Executive Committee recently reassigned this case to Judge Seeger, in light of the appointment of Judge Dow to serve as Counselor to the Chief Justice of the United States. To help the Court get up to speed, the Court requires the parties to file a joint statement that provides an overview of the case. Basically, put some thought into what the Court needs to know to climb the learning curve. Tell the Court where you have gone, where you are, and where you are headed. The statement must address the following topics (please address each topic under a separate heading, to make it user friendly): (1) Provide an overview of the case as a whole. What is the case about, in general terms? Who are the parties? (2) What are the pending claims? (3) What are the defenses? (4) What are the key factual and legal issues? (5) Where do things stand on discovery? If the parties are in middle of discovery, when is the discovery deadline? (6) How long do the parties expect trial to take? Please provide a realistic estimate. When do the parties expect that they will be ready for trial? (7) What relief is the Plaintiff seeking? (8) What are the key rulings in the case? What are the most important things on the docket for the Court to read? (9) Where do things stand on the settlement front? When was the last offer by the Plaintiff? When was the last offer by the Defendants? Do the parties seek a settlement conference? The parties must confer about settlement before filing the report. (10) What else do the parties want the Court to know? The Court expects a non-argumentative statement, and directs the parties to work together cooperatively. The joint statement is due by October 28, 2022. Mailed notice (jjr, ) (Entered: 10/11/2022) |
| 10/11/2022 | 22 | EXECUTIVE COMMITTEE ORDER: The Honorable Robert M. Dow Jr. has been appointed Counselor to the Chief Justice of the United States. As he takes on these responsibilities, the court will at this time reassign a portion of his civil and criminal cases. IT IS HEREBY ORDERED That the cases on the attached |

| | | |
|---|---|---|
| | | list are to be reassigned to the other judges of this Court as indicated, pursuant to Local Rule 40.1(f). Case reassigned to the Honorable Steven C. Seeger for all further proceedings. Honorable Robert M. Dow, Jr no longer assigned to the case. Signed by Honorable Steven C. Seeger on 10/11/2022. (daj, ) (Entered: 10/11/2022) |
| 10/07/2022 | 21 | REPLY by Ebone Porch to response to motion 20 *For Leave to File Amended Complaint* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit)(Frederick, Calvita) (Entered: 10/07/2022) |
| 09/22/2022 | 20 | RESPONSE by University of Illinois at Chicago, School of Medicine to MOTION by Plaintiff Ebone Porch for leave to file *Amended Complaint* 17 (Eveland, William) (Entered: 09/22/2022) |
| 09/08/2022 | 19 | MINUTE entry before the Honorable Robert M. Dow, Jr: Plaintiff's motion for leave to file amended complaint 17 is taken under advisement; response is due by 9/22/2022; reply is due by 10/7/2022. If Defendant does not oppose the motion, it may so advise the Courtroom Deputy so that a case management order and discovery plan can be entered. Emailed notice (cdh, ) (Entered: 09/08/2022) |
| 09/01/2022 | 18 | MEMORANDUM by Ebone Porch in support of motion for leave to file 17 *Amended Complaint* (Frederick, Calvita) (Entered: 09/01/2022) |
| 09/01/2022 | 17 | MOTION by Plaintiff Ebone Porch for leave to file *Amended Complaint* (Attachments: # 1 Exhibit Amended Complaint)(Frederick, Calvita) (Entered: 09/01/2022) |
| 08/03/2022 | 16 | MEMORANDUM OPINION AND ORDER. Signed by the Honorable Robert M. Dow, Jr on 8/3/2022. For the reasons stated above, Defendant's motion to dismiss 9 is granted. Count III is dismissed with prejudice based on Plaintiff's concession that sovereign immunity bars a Section 1983 suit against Defendant. Count V also is dismissed with prejudice as a declaratory judgment is unnecessary and redundant in view of Counts I and II, which provide an adequate vehicle to pronounce any rights Plaintiff may have under the ADA and Rehabilitation Act vis- -vis the named Defendant. In an abundance of caution and to provide Plaintiff an avenue for relief should she discern a viable federal claim, Counts I and II are dismissed without prejudice and with leave to file a motion for leave to file an amended complaint no later than September 1, 2022, if Plaintiff believes an amended complaint can be maintained consistent with this opinion and Federal Rule of Civil Procedure 11. If no motion for leave to amend is filed by that date, or if any such motion is denied, the dismissal of Counts I and II will convert to with prejudice. In view of the dismissal of all of Plaintiff's federal claims, the Court is inclined to decline supplemental jurisdiction over the state law claim set out in Count IV but will not formally dismiss that claim without prejudice until it can rule on a motion for leave to amend the federal claims. In the event that Plaintiff has no viable federal claim against Defendant, Count IV will be dismissed without prejudice. See 735 ILCS 5/13-217. Emailed notice(cdh, ) (Entered: 08/03/2022) |
| 12/10/2021 | 15 | REPLY by Defendant University of Illinois at Chicago, School of Medicine to motion to dismiss 9 , memorandum in support of motion 10 *In Support of Motion to Dismiss* (Eveland, William) (Entered: 12/10/2021) |

| | | |
|---|---|---|
| 11/19/2021 | 14 | MEMORANDUM by Ebone Porch in Opposition to motion to dismiss 9 *AND RESPONSE* (Frederick, Calvita) (Entered: 11/19/2021) |
| 10/29/2021 | 13 | MINUTE entry before the Honorable Robert M. Dow, Jr: Plaintiff's agreed motion to extend the briefing schedule 11 is granted. Briefing schedule is as follows: Plaintiff's response brief is due November 19, 2021 and Defendant's reply is due December 10, 2021. Emailed notice (cdh, ) (Entered: 10/29/2021) |
| 10/28/2021 | 12 | NOTICE of Motion by Calvita J. Frederick for presentment of motion for extension of time to file response/reply 11 before Honorable Robert M. Dow Jr. on 11/5/2021 at 09:15 AM. (Frederick, Calvita) (Entered: 10/28/2021) |
| 10/28/2021 | 11 | MOTION by Plaintiff Ebone Porch for extension of time to file response/reply as to motion to dismiss 9 , memorandum in support of motion 10 (Frederick, Calvita) (Entered: 10/28/2021) |
| 09/27/2021 | 10 | MEMORANDUM by University of Illinois at Chicago, School of Medicine in support of motion to dismiss 9 *Memorandum of Law In Support of Motion to Dismiss* (Eveland, William) (Entered: 09/27/2021) |
| 09/27/2021 | 9 | MOTION by Defendant University of Illinois at Chicago, School of Medicine to dismiss *Motion to Dismiss Complaint With Prejudice* (Eveland, William) (Entered: 09/27/2021) |
| 09/13/2021 | 8 | MINUTE entry before the Honorable Robert M. Dow, Jr: Upon review of the joint status report 7 , the Court enters the following case management order: initial disclosures under FRCP 26(a)(1) are to be completed by 11/23/2021; all further discovery is stayed by agreement of the parties until the Court rules on the anticipated motion to dismiss. Briefing on the motion to dismiss will proceed as follows: motion is due by 9/27/2021; response is due by 11/1/2021; reply is due by 11/22/2021. The Court will issue a ruling by mail and then set the matter for a status hearing. In view of the foregoing, the initial telephone status hearing set for 9/16/2021 is stricken and no appearances are necessary on that date. Emailed notice (cdh, ) (Entered: 09/13/2021) |
| 09/10/2021 | 7 | STATUS Report *INITIAL JOINT* by Ebone Porch (Frederick, Calvita) (Entered: 09/10/2021) |
| 08/25/2021 | 6 | ATTORNEY Appearance for Defendant University of Illinois at Chicago, School of Medicine by Nancy L. DePodesta (DePodesta, Nancy) (Entered: 08/25/2021) |
| 08/12/2021 | 5 | ATTORNEY Appearance for Defendant University of Illinois at Chicago, School of Medicine by William Tobias Eveland (Eveland, William) (Entered: 08/12/2021) |
| 07/29/2021 | 4 | MINUTE entry before the Honorable Robert M. Dow, Jr: Joint status report due by 9/10/2021. Initial telephone conference is set for 9/16/2021 at 9:00 a.m. and parties are to report the following: (1) Possibility of settlement in the case; (2) If no possibility of settlement exists, the nature and length of discovery necessary to get the case ready for trial; (3) The report should include a proposed case management schedule reflecting any disputes between the parties as to the proposed schedule. Plaintiff is to advise all other parties of the Courts action herein. The parties are requested to file a joint status report at least THREE business days prior to the initial status and ALL further status hearings. For further details see the Court's website available at www.ilnd.uscourts.gov. |

| | | |
|---|---|---|
| | | Participants should use the Court's toll-free call-in number 877-336-1829, conference access code is 6963747. Emailed notice (cdh, ) (Entered: 07/29/2021) |
| 07/21/2021 | 3 | ATTORNEY Appearance for Plaintiff EBONE PORCH by Calvita J. Frederick (Frederick, Calvita) (Entered: 07/21/2021) |
| 07/21/2021 | 2 | CIVIL Cover Sheet (Frederick, Calvita) (Entered: 07/21/2021) |
| 07/21/2021 | | CASE ASSIGNED to the Honorable Robert M. Dow, Jr. Designated as Magistrate Judge the Honorable Susan E. Cox. Case assignment: Random assignment. (lxk, ) (Entered: 07/21/2021) |
| 07/20/2021 | 1 | COMPLAINT filed by EBONE PORCH; Filing fee $ 402, receipt number 0752-18474077.(Frederick, Calvita) (Entered: 07/20/2021) |